UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ROOSEVELT ROBERTS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>T. NORTON, and J. MCKEAN,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-2547-AJB-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS; AND**<br><br>**(2) CLOSING THIS CASE**<br><br>(Doc. Nos. 1, 3) |

Presently before the Court is Defendants J. McKean and T. Norton's ("Defendants") motion to dismiss or, in the alternative, for a more definite statement. (Doc. No. 3.) Plaintiff Jamal Roberts, a prisoner proceeding pro se, opposes the motion. (Doc. No. 6.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for April 26, 2018, is **VACATED**. As will be explained in more detail below, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

The following facts are taken from the complaint and construed as true for the

1

limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

Plaintiff's complaint is brief. (Doc. No. 1 at 8–9.) He states that on January 16, 2005, he was getting driven by his friend Curtis Brown ("Brown") to his girlfriend's house. (*Id.* at 8.) Before reaching their final destination however, they were allegedly illegally pulled over for having tinted windows. (*Id.*) Defendants then ordered both Plaintiff and Brown to identify themselves. (*Id.*) At this point, Defendant Norton accused Brown of driving while intoxicated. (*Id.*) Both Defendants then searched the vehicle without Plaintiff or Brown's consent and discovered a gun. (*Id.* at 9.) Plaintiff claims that he and Brown were not issued a ticket and Brown was not given a field sobriety test before their arrest. (*Id.*)

Defendants removed this case from San Diego Superior Court on December 21, 2017. (Doc. No. 1.) From what the Court can discern from the limited allegations present in the complaint, Plaintiff alleges causes of action for fraud and violations of his Fourth Amendment rights. (*Id.* at 8–9.) On January 3, 2018, Defendants filed the instant motion, their motion to dismiss. (Doc. No. 3.) After briefing on the matter had concluded, Plaintiff filed an addendum to his opposition brief, which the Court accepted despite various discrepancies. (Doc. Nos. 10, 11.)

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972,

2

17-cv-2547-AJB-BGS

975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

# DISCUSSION

A. Defendants' Request for Judicial Notice

Defendants request judicial notice of four documents: (1) the partially published Appellate Opinion in case D053377; (2) a certified copy of the criminal minutes in San Diego Superior Court case number SCN192841; (3) the inmate information sheet on Plaintiff obtained from the California Department of Corrections; and (4) Plaintiff's original complaint attached to Defendants' notice of removal. (Doc. No. 3-2.)

Federal Rule of Evidence 201 states that a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

As the foregoing four documents are either court records or information from public websites, the Court finds judicial notice warranted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that courts "may take judicial notice of court filings and other matters of public record."); *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (holding that a court "may take judicial notice of a judicial or administrative proceeding which has a 'direct relation to the matters at issue[.]'"); *Neylon v. Cty. of Inyo*, No. 1:16-CV-0712 AWI JLT, 2016 WL 6834097, at *2 (E.D. Cal. Nov. 21, 2016) ("Federal courts may take judicial notice of orders and proceedings in other courts, including transcripts.").

However, a court may only take judicial notice of the "existence of those matters of public record . . . but not the veracity of the arguments and disputed facts contained therein." *S. Cal. Edison Co.*, 300 F. Supp. 2d at 974. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (citation and internal quotation marks omitted).

With these limitations in mind, the Court **GRANTS** Defendants' request for judicial notice.

B.     Plaintiff's Complaint is Barred by *Heck v. Humphrey*

Defendants contend that Plaintiff's complaint should be dismissed in its entirety under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. No. 3-1 at 5–6.) In opposition, Plaintiff argues that he has exposed the fraud of the illegal traffic stop and his addendum to his opposition brief asserts that Defendants are not entitled to qualified immunity and that his complaint is not barred by its statute of limitations.[1] (Doc. No. 6 at 1; Doc. No. 11.)

In *Heck*, the Supreme Court held that a civil rights suit for monetary damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable under 42 U.S.C. § 1983, stating:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . when a state prisoner seeks damages in a § 1983 suit, the district court must

---

[1] Defendants made three separate arguments in their motion: (1) that Plaintiff's complaint should be dismissed as time barred; (2) that Plaintiff's complaint is barred by *Heck v. Humphrey*; and (3) Defendants are entitled to qualified immunity. (*See generally* Doc. No. 3-1.)
4

> consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87. In other words, *Heck* generally bars claims challenging the validity of an arrest, prosecution, or conviction. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (explaining that *Heck* barred the plaintiff's claims of wrongful arrest, malicious prosecution, and a conspiracy among police officers to bring false charges against him as his conviction for possession of narcotics would not have occurred unless innocent of the foregoing crimes).

First, the Court notes that though Plaintiff's complaint is not clearly labeled as a civil rights complaint, his Fourth Amendment claims are usually brought under 42 U.S.C. § 1983. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (highlighting that *Heck* applies to Fourth Amendment claims); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583–84 (9th Cir. 2007) (finding the plaintiffs' challenge to the search and seizure of evidence upon which their criminal charges and convictions were based were barred by *Heck*). Accordingly, for purposes of this motion, the Court will analyze Plaintiff's complaint under the lens of § 1983.

Next, turning to the general allegations supporting Plaintiff's complaint, Plaintiff argues that his arrest and charge were illegally brought, that the initial vehicle stop was improper, and that his Fourth Amendment rights were violated when Defendants searched the vehicle he was riding in without his or the driver's consent. (Doc. No. 1 at 8–9.) Most notably, Plaintiff seeks monetary damages in the amount of $100,000.00. (*Id.* at 9.)

In addition to these allegations, the judicially noticed documents demonstrate that Plaintiff, a purported member of the infamous "Crips" gang, was convicted by a jury of conspiracy to commit murder. (Doc. No. 3-2 at 24, 26.) The evidence employed by the Government to convict Plaintiff began with wiretaps on his phone. (*Id.* at 28.) One conversation in particular involved Pettis, another Crips member, who telephoned Plaintiff

to let him know that the "Bloods" were having a meeting. (*Id.*) Several of these calls indicated to the police that "action by the Crips against the Bloods was imminent." (*Id.*) Plaintiff and Brown then exchanged a quick conversation about going to the valley and driving Brown's car as the wheels on Plaintiff's car squealed. (*Id.*) The task force conducting surveillance in Deep Valley then observed Plaintiff and Brown driving in the neighborhood where the "Blood's" party was being held. (*Id.*) As a result, the officers were directed to pull Plaintiff and Brown over for any discernable legal reason. (*Id.*) It was during this stop that the loaded gun was found. (*Id.*)

A jury in Plaintiff's criminal case used the discovery of the semi-automatic handgun as well as other evidence obtained during the wiretap to convict Plaintiff of conspiracy to commit murder in violation of Penal Code §§ 182, for the benefit of a criminal street gang as defined in Penal Code § 186.22(b)(1). (*Id.* at 3; Doc. No. 3-1 at 2.) At that time, Plaintiff argued that his conviction should be overturned because the evidence used against him was obtained as a result of an illegal wiretap, his rights under the Fourth Amendment had been violated, and the court erred when it did not suppress evidence obtained as a result of an illegal vehicle stop. (Doc. No. 3-2 at 24.) The court disagreed and affirmed Plaintiff's judgment. (*Id.* at 55.) Plaintiff was sentenced to fifty years to life plus six years in prison. (*Id.* at 56.)

Based on the foregoing, Plaintiff's success in this action would necessarily invalidate his underlying criminal conviction. This type of maneuver is clearly barred under *Heck*. The Court reiterates that Plaintiff cannot challenge an asserted Fourth Amendment violation "that produced evidence of his guilt until such time as his conviction has been vacated or overturned." *Branson v. City of Los Angeles*, CV 11-00565 MMM (JEMx), 2011 WL 13220154, at *7 (C.D. Cal. Apr. 21, 2011). Plaintiff's complaint attempts to do just that—he asserts that his January 2005 vehicle stop and the resulting search and seizure, which produced evidence upon which his conviction for conspiracy to commit murder was based, was invalid. (Doc. No. 1 at 8–9.) As a result, until such time that Plaintiff's criminal conviction is overturned, *Heck* bars his search and seizure claims. *See Denecochea v.*

6

*Baland*, No. 2:13-cv-01906-MCE-CKD, 2015 WL 6951297, at *1 (E.D. Cal. Nov. 10, 2015) ("The Ninth Circuit has consistently held that the 'Heck bar' applies to § 1983 claims based on alleged Fourth Amendment violations when the allegedly unlawful seizure of evidence was used to secure a conviction."); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred the plaintiff's false arrest and imprisonment claims until his conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (explaining that *Heck* barred the plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

## CONCLUSION

As Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), Defendants' motion to dismiss is **GRANTED**. Finding any further amendments in this specific case futile, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** so that Plaintiff may refile a new complaint in a new civil rights action if his conviction is later invalidated. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: March 26, 2018

Hon. Anthony J. Battaglia
United States District Judge